UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| WILLIAM J. RIVERA ) | |
| PATRICIA K. RIVERA ) | |
|     a/k/a Patricia K . Olson ) | |
|     a/k/a Patricia K. Olson-Rivera ) | |
| ) | |
|     Debtors, ) | |
|     Chapter 13 Case No. 07-11996 ) | |
| _____ ) | |
| ) | |
| DAIMLERCHRYSLER FINANCIAL ) | |
| SERVICES AMERICAS, LLC ) | |
| sbmt DAIMLERCHRYSLER SERVICES ) | |
| NORTH AMERICA LLC, ) | |
| ) | |
|     Appellant, ) | |
| ) | |
|     v. ) | CAUSE NO.: 1:08-CV-21-TS |
| ) | |
| WILLIAM J. RIVERA ) | |
| PATRICIA K. RIVERA ) | |
|     a/k/a Patricia K . Olson ) | |
|     a/k/a Patricia K. Olson-Rivera, ) | |
| ) | |
|     Appellees. ) | |

**OPINION**

DaimlerChrysler, a secured creditor in the underlying bankruptcy proceedings, appeals the bankruptcy court's confirmation of the debtor's chapter 13 plan. The Appellant's objection to the plan is that it did not provide for it to receive periodic payments in equal monthly amounts in an amount sufficient to adequately protect its secured position during the period of the plan. The Appellant argues that without such a provision, the plan does not comply with 11 U.S.C. § 1325(a)(5)(b)(iii), a provision that was added to the bankruptcy code by the Bankruptcy Abuse,

Prevention and Consumer Protection Act of 2005 (BAPCPA). The debtors, William and Patricia Rivera, disagree with the Appellant's position. The chapter 13 trustee also filed a brief in this appeal, arguing that the bankruptcy court did not commit reversible error when it confirmed the debtor's plan.

This Court has jurisdiction over the matters raised in this appeal pursuant to 28 U.S.C. § 158(a)(1).

## BACKGROUND

The Appellant has a perfected security interest in a 2005 Chrysler Town & Country purchased by William and Patricia Rivera (the debtors). On July 19, 2007, the debtors filed for chapter 13 bankruptcy, and on July 27, the Appellant filed its secured proof of claim. On August 19, the debtors filed a proposed chapter 13 plan. The Appellant objected to the plan, and the bankruptcy court denied this plan.

On October 8, the debtors filed their first amended proposed plan. The plan provided that the trustee would make disbursements to creditors from payments received from the debtor. The Appellant was to be paid $20,909.80 with 10% annual interest. The Appellant again objected to the proposed plan. The Appellant cited the plan's failure to provide for post-confirmation periodic payments in equal monthly amounts sufficient to provide them with adequate protection as required by 11 U.S.C. § 1325(a)(5)(B)(iii). The Appellant proposed a monthly payment of no less than $459.00.

On November 27, the bankruptcy court held a hearing regarding confirmation of the proposed plan. The Appellant was represented at the hearing and objected to confirmation of the

plan. On November 29, the bankruptcy court confirmed the amended chapter 13 plan over the Appellant's objection.

On January 17, 2008, the Appellant filed its notice of appeal pursuant to Federal Rule of Bankruptcy Procedure 8007(b). On February 4, the Appellant filed its brief, arguing that the bankruptcy court committed reversible error when it confirmed a plan that did not meet the requirements for equal payments to a secured creditor. The Appellant notes that the plan is silent as to any monthly payment to the Appellant, much less one for equal payments.

On February 8, the Appellees filed their brief. They acknowledge that § 1325 requires that secured creditors be paid a sufficient amount of money to protect the creditor from depreciation of their collateral. However, they assert that nothing in the record indicates that the Appellant will not be adequately protected, and that "for the debtors to have stated a specific amount to be paid to DaimlerChrysler over the life of the plan causes a mathematical conundrum." (Appellee Br., DE 5 at 3.) In addition to noting that payments over the life of the plan were impractical, the Appellees also contend that the code does not dictate any specific time for the equal monthly payments to begin or require that they remain for the life of the plan. They conclude that "[t]he equal payment provision requires that payments be level once they begin and terminate once the lender is fully paid" and that nothing in the existing plan prevents the trustee from paying the Appellant equal monthly payments once they begin. (Appellee Br., DE 5 at 4–5.)

On February 15, the trustee filed a brief as a party in interest. The trustee sets forth four separate arguments in support of the court's confirmation of the plan. First, she argues that the court properly decided that particular distributions under the plan should be left to the trustee's

3

discretion. Second, she asserts that the plan meets the requirements of § 1325(a)(5)(B)(iii) because the debtor must make monthly payments to the trustee, who is required to make monthly payments to creditors, and the monthly payment can be calculated from other sums. In a related argument, the trustee argues that the Appellant's concern is not ripe because the plan terms adequately protect the Appellant. The Appellant's fourth argument resembles the first: she submits that several cases support the bankruptcy court's determination to rely on the trustee's discretion in making the proper payments to creditors.

In a reply brief, the Appellant clarifies that it is not seeking, and has never sought, payments over the entire length of the plan. The Appellant acknowledges that once an allowed secured claim is fully paid, there is no obligation to make further payments on the claim. To demonstrate the potential risk it faces under the current plan, the Appellant sets forth a scenario in which the trustee pays attorney fees and other creditors before making any payment to the Appellant, even though its collateral is continuing to depreciate. The Appellant further notes that the debtors had no difficulty proposing a monthly payment to their mortgage company, and should have done the same for the Appellant. The Appellant requests that the court reverse the bankruptcy court's order of confirmation and remand the case with instructions requiring the debtors to set forth a plan with equal monthly payments to the Appellant that are sufficiently large to provide the Appellant with adequate protection.

## DISCUSSION

In a chapter 13 bankruptcy, a debtor is required to propose a plan. *See* 11 U.S.C. § 1321. A bankruptcy court must confirm a proposed chapter 13 plan that meets the criteria set forth in

the bankruptcy code. 11 U.S.C. § 1325(a). The code addresses a confirmable plan's treatment of secured claims in § 1325(a)(5). It provides that a court shall confirm a plan if:

> (5) with respect to each allowed secured claim provided for by the plan—
>
> (A) the holder of such claim has accepted the plan;
>
> (B)(i) the plan provides that—
> (I) the holder of such claim retain the lien securing such claim until the earlier of—
> (aa) the payment of the underlying debt determined under nonbankruptcy law; or
> (bb) discharge under section 1328; and
> (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
> (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
> (iii) if—
> (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
> (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
>
> (C) the debtor surrenders the property securing such claim to such holder.

11 U.S.C. § 1325(a)(5). Subsection (B) is known as a cramdown provision:

> Unless the chapter 13 debtor surrenders the property securing the lien to the holder of an allowed secured claim provided for by the plan or such holder accepts the plan, a chapter 13 plan that provides for a secured claim may not be assured of confirmation without a cramdown provision comporting with section 1325(a)(5)(B). Chapter 13 cramdown is comprised of two essential elements, lien retention and equivalent value, distributed in accordance with certain rules each of which must be provided for under the chapter 13 plan itself.

8-1325 *Collier on Bankruptcy*, 1325.06[3] (15th ed. rev.)

Here, because the Appellant objected to the debtor's plan (§ 1325(a)(5)(A)) and the debtor proposed to retain the vehicle (§ 1325(a)(5)(C)) the only subsection at issue is

5

1325(a)(5)(B), the cramdown provision. Within that provision, the only requirement that the Appellant argued was not satisfied was the periodic payment provision set forth in subsection (iii). The purpose behind this subsection, which was added to the code by the BAPCPA, has been explained by one court as a remedy to pre-BAPCPA practices that harmed secured creditors with depreciating collateral:

> Prior to BAPCPA, it was not uncommon for some Chapter 13 plans to provide for backloaded payments, such as balloon payments. Another form of backloading involved graduated or step-up payment plans, where the payments started out smaller and increased over time. Secured creditors, particularly those secured by a vehicle, viewed this as unfair, exposing them to undue risk in light of the constant depreciation of their collateral.
> Other plans, filed by debtors whose employment is seasonal, provided for reduced payments or no payments at all during certain months of the year, or called for payments to be made quarterly or semi-annually, rather than monthly, based upon the peculiarities of the debtor's income stream. Secured creditors had similar complaints with those plans.
> In response to those creditor concerns, Congress enacted the equal payment provision and a companion provision extending the concept of adequate protection, formerly a preconfirmation requirement, to postconfirmation plan payments. 11 U.S.C. § 1325(a)(5)(B)(iii)(II). The equal payment provision prevents debtors from backloading payments to secured creditors or paying them other than on a monthly basis.

*In re Erwin*, 376 B.R. 897, 901 (Bkrtcy. C.D. Ill. 2007); *see also Selected Creditor Issues Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005*, 79 Am. Bankr. L.J. 817, 835–36 (2005):

> In many instances, creditors with a security interest have been required to await payment on their secured claims until after payment of administrative expenses which include unpaid attorneys' fees. Further, Chapter 13 plans often provided for payment of the current mortgage, payment of the mortgage arrearages, and payments made pursuant to a lease and lease arrearages prior to payments on secured claims. This often resulted in uncompensated depreciation of collateral during the pendency of a Chapter 13 case. In the worst-case scenario, a creditor could wait as long as twenty-four months before receiving any distributions on an allowed secured claim.

6

Creditors attempted to address this issue by arguing that adequate protection should apply both pre and postconfirmation in a Chapter 13 case. This argument was not well received as adequate protection in most instances is afforded to a creditor preconfirmation to ensure that its collateral position is not diminished pending confirmation of a Chapter 11 or Chapter 13 case. To resolve this issue, § 1325(a)(5)(B) has been amended to provide that adequate protection applies both pre- and postconfirmation in Chapter 13 cases. Periodic payments are required in equal monthly installments and must be sufficient to provide adequate protection to secured creditors during the term of the plan.

There "is a paucity of caselaw on" the requirements of § 1325(a)(5)(B)(iii), and "[i]n the few cases that have been reported, the courts are split" as to what the provision means. *In re Sanchez*, — B.R. —, No. 07-62144-aer13, 2008 WL 744213 *2 (Bankr. D. Or. March 19, 2008). Some courts have held that there is no specific time within which the equal monthly payments must begin. *See, e,g., In re Hill*, 2007 WL 499622 at *6 (Bankr. M.D.N.C. 2007); *in re Desardi,* 340 B.R. 790, 802–03 (Bankr. S.D. Tex. 2006) (concluding that equal monthly payments means that payments must be equal once they begin, not that such equal monthly payments must begin at the first post confirmation distribution). Others have held that equal monthly payments must begin with confirmation and last until the secured claim is paid. *See In re Williams*, — B.R. —, No. 07-10298, 2008 WL 872277 at *5 (Bankr. S.D. Ga. March 28, 2008); *In re Sanchez*, 2008 WL 744213 at *3;  *In re Denton*, 370 B.R. 441 (Bankr. S. D. Ga. 2007). What satisfies as an "equal" payment has also met with varying results. The *Erwin* court concluded that a debtor's level payments into a plan and the proposed pro rata distribution to secured creditors complied with subsection (iii)(I)'s "equal monthly payment" requirement. 376 B.R. at 902–03 (holding that equal monthly payments refers to the debtor's, not the trustee's, obligations); *but see in re Sanchez*, 2008 WL 744213, at * (disagreeing with *Erwin* court's rationale). Plans calling for secured creditors to receive large balloon payments at the end of the plan have consistently been

found to violate the equal payment provision. *See In re Schultz*, 363 B.R. 902 (Bankr. E.D. Wis. 2007); *In re Lemieux*, 347 B.R. 460 (Bankr. D. Mass. 2006); *In re Wagner*, 342 B.R. 766 (Bankr. E.D. Tenn. 2006).

Here, the determinations of when the payments described in subsection (iii) must begin, and whether payments made on a pro rata basis meet the equal payments requirement, are not necessary to the Court's finding that the amended chapter 13 plan confirmed by the bankruptcy court in this case does not meet the statutory requirements. The parties do not dispute that the proposed plan contemplates periodic payments to the Appellant on an allowed secured claim, as opposed to a lump sum payment. However, the amount of the those payments is not specifically set forth. Instead, it was left to the discretion of the trustee to make periodic payments to the Appellant. Thus, the plan does not provide that the trustee's distributions to the holder of the allowed secured claim be in "equal monthly amounts." 11 U.S.C. § 1325(a)(5)(B)(iii)(I). This fails to comport with the plain language of § 1325(a)(5)(B)(iii)(I). Nor is it possible to determine, from the plan, whether the amount of any distribution would be in an amount sufficient to provide the Appellant adequate protection, which is required when the holder of the claim is secured by personal property. 11 U.S.C. § 1325(a)(5)(B)(iii)(II). Nothing in the current plan would prevent the trustee from backloading payments to the Appellant or from making disbursements other than on a monthly basis.

Because the Appellant objected to the plan and the debtor proposed to maintain the property, the plan was not confirmable unless is met the requirements of § 1325(a)(5)(B). The arguments presented by the debtors and the trustee in support of their position that the bankruptcy court did not err in confirming a plan that did not call for equal monthly payments

are not convincing. The debtors argue that the statute does not require equal monthly payments over the entire life of the plan. (Appellee Br. DE 5 at 3) (arguing that § 1325(a)(5)(B)(iii)(I) "cannot be read to dictate any specific time for equal monthly payments to begin nor does it dictate that the payments will remain equal for the life of the plan"). But the fact that payments need not extend over the entire life of the plan does not explain or justify the complete absence of equal monthly payments in their proposed plan. Moreover, they misconstrue the Appellant's position as requiring payments throughout the life of the plan, rather than until the debt has been fully paid. Under the debtors' own view of what is statutorily required—payments that are equal once they begin and that terminate when the lender is fully paid—the plan is deficient.
The debtors also argue that there is nothing in the record to indicate that the Appellant will not be adequately protected as required by the BAPCPA amendments to 11 U.S.C. § 1325. But this ignores the fact that congress has specifically dictated the manner in which creditors who have allowable claims secured by personal property are assured of this protection.

      The trustee's arguments are likewise unavailing. The trustee argues that the bankruptcy court was correct to leave distributions to the discretion of the trustee. However, even if the bankruptcy court and the trustee contemplated that payments to the Appellant would be equal monthly payments, the plain requirement of the statute is that this be stated in a plan that is confirmed over a secured creditor's objection. The trustee also contends that the plan meets the criteria of § 1325(a)(5)(B)(iii) because it contains the necessary details to calculate the monthly payment to the Appellant. This, again, ignores the requirements of the statute. That the trustee may make distributions to the Appellant on a monthly basis because that is the trustee's "practice of administrating" cases does not guarantee such. (Trustee Br. at 5.) Nor does it guarantee equal

9

payments. The trustee herself points to the various factors that affect the amount of any disbursement to the Appellant, such as administrative expenses, the trustee's percentage fee, and mortgage payment adjustments. The trustee calculates that the Appellant will receive $516 per month and argues that this is an amount that will provide adequate protection. But unless this amount is provided in the plan, the abuses the BAPCPA was enacted to address are still possible. The statute does not require, or even allow, a secured creditor to wait until abuses occur to argue that it is not adequately protected.[1] The plan does not contain any provision to guarantee that the periodic payment would be monthly, that they would be equal, or that they would be in an amount sufficient to provide adequate protection to the Appellant.

Because this appeal involves an issue of law, this Court's review is *de novo*. *Matter of Newman*, 903 F.2d 1150, 1152 (7th Cir. 1990). Applying such review, the Court finds that the bankruptcy court committed error when it confirmed the debtor's first amended chapter 13 plan. Notwithstanding the actual manner in which the plan may be administered, it did not comply with the dictates of 11 U.S.C. § 1325(a)(5)(B)(iii).

---

[1] The fact that provision of adequate protection has now been explicitly included in the standards for plan confirmation further buttresses those cases which have held that a creditor may not, after confirmation, seek relief from the stay based on a lack of adequate protection because the issue of adequate protection should have been raised before confirmation and confirmation of the plan is res judicata on the issue of adequate protection.

8-1325 *Collier on Bankruptcy* (15th Ed. Rev.) P 1325.06

## CONCLUSION

For the foregoing reasons, the matter is REVERSED and REMANDED for the confirmation of an plan that complies with 11 U.S.C. § 1325(a)(5).

ENTERED on May 2, 2008.

                                      s/ Theresa L. Springmann
                                      THERESA L. SPRINGMANN
                                      UNITED STATES DISTRICT COURT